SÁNCHEZ, PETICIONARIA Y APELANTE, *v.* CALDERÓN, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 1002.—Resuelto en noviembre 21, 1913.

ADMINISTRACIÓN JUDICIAL DE BIENES DE UN DIFUNTO—REQUISITOS DE LA SOLICITUD—AFFIDAVIT DEFECTUOSO—INTERES DE LA PARTE PROMOVENTE.—De acuerdo con los artículos 23 y 24 de la Ley de Procedimientos Legales Especiales de marzo 6, 1905, no puede decretarse la administración judicial de los bienes de un finado a instancia de una hermana natural, cuando no hay pruebas de tal parentesco, ni se alega en la solicitud que, según los informes y creencia del peticionario, el difunto no dejó testamento válido, ni se especifica la procedencia y fundamento de tales informes y creencia, y cuando el juramento de la solicitud no está redactado de acuerdo con los preceptos del artículo 118 del Código de Enjuiciamiento Civil.

ADMINISTRACIÓN PROVISIONAL DE LOS BIENES DE UN DIFUNTO—DECLARACIÓN DE OFICIO POR LA CORTE—CONOCIMIENTO DE LOS HECHOS QUE JUSTIFICAN ESA DECLARACIÓN.—De acuerdo con los artículos 21 y 22 de la Ley de Procedimientos Legales Especiales de marzo 6, 1905, las cortes de distrito están en el deber de dispensar su acción protectora a los bienes de finados sin dejar herederos conocidos, y puede decretar de oficio la administración provisional de tales bienes para evitar que desaparezcan, y poco importa que el conocimiento de tales hechos le haya sido dado a la corte por persona en cuya compañía vivía la finada o por otra persona que se dice ser hermana natural de la misma, y que presentó moción pidiendo la administración judicial de los bienes de su difunta hermana.

ID.—NOMBRAMIENTO DE ADMINISTRADOR SIN FIANZA—NOTIFICACIÓN AL FISCAL DEL DISTRITO.—Al decretar una corte de oficio la administración provisional de los bienes de un finado debe exigir al administrador la prestación de una fianza y el fiscal del distrito debe tener conocimiento de esos procedimientos para el caso de que El Pueblo de Puerto Rico tenga derecho a la herencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Domínguez Rubio.*

Abogado del apelado: *Sr. F. Cervoni Gely.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

En instancia jurada de 21 de febrero del corriente año, 1913 suscrita por Jacinta Sánchez bajo dirección de letrado, solicitó ésta de la Corte de Distrito de Guayama el nombramiento de administrador temporal de los bienes de su difunta hermana natural Juana Sánchez en favor de Ramón Lebrón, Juez Municipal de Patillas, con relevación de fianza, ordenándole procediera desde luego a formar inventario de los bienes de la difunta, a cuyo fin alegó que la Juana Sánchez falleció en el pueblo de Patillas en 25 de junio de 1912, sin otorgar testamento y sin dejar ascendientes ni descendientes legítimos ni naturales, ni naturales reconocidos, siendo su única heredera la peticionaria, cuya declaratoria de tal se haría oportunamente, y que habiendo vivido Juana Sánchez en concubinato con Juan Calderón, éste, con grave perjuicio de la única legítima heredera, había malbaratado todo el dinero que dejara la difunta, ascendente a más de $100, y se encontraba en posesión de todos los bienes que pertenecían a la misma, los que se negaba a entregar a la peticionaria, consistiendo esos bienes en una casita de madera, ganado vacuno y de cerda, aves de corral, muebles y otros artículos, todo con valor superior a $500.

El juramento de la anterior solicitud aparece redactado en la forma siguiente:

"Jurada y suscrita la precedente solicitud hoy día de la fecha *ut supra* (febrero 21 de 1913) por la peticionaria que dice ser mayor de edad, vecina de esta ciudad (Guayama), de estado doméstica. E. S. Mestre, secretario de la corte."

El Juez por orden del mismo día 21 de febrero, nombró a Don Ramón Lebrón, Juez Municipal de Patillas, administrador temporal de los bienes pertenecientes al intestado de

Juana Sánchez, previniéndole procediera a la formación de un inventario de los mismos, como así lo verificó Lebrón en 4 de marzo siguiente, y disponiendo que Juan Calderón, concubino de la finada, fuera citado para que compareciera ante la corte en 4 de marzo, con el fin de resolver lo que procediera en cuanto a nombramiento de administrador permanente.

En 8 de marzo citado, presentó Juan Calderón moción a la corte con súplica de que fuera desestimada la petición de administración judicial y se le restituyeran los bienes ocupados porque el juramento de la peticionaria Jacinta Sánchez era defectuoso y porque la Sánchez como hermana de la fallecida Juana, del mismo apellido, carecía de personalidad para solicitar la administración judicial de los bienes de la finada, según el artículo 23 de la ley sobre Procedimientos Legales Especiales, aprobada en marzo 6, 1905.

Vista y discutida la anterior moción de impugnación, la Corte de Guayama, por orden de 13 de junio de 1913, declaró sin lugar la petición de administración judicial de Jacinta Sánchez y dispuso que.los bienes ocupados a Juan Calderón le fueran restituídos, sin especial condenación de costas.

Contra esa orden interpuso la representación de Jacinta Sánchez recurso de apelación para ante esta Corte Suprema, sometido a nuestra consideración y decisión después de corridos los trámites legales.

El capítulo 4°. del Título I de la Ley de Procedimientos Legales Especiales de que se deja hecho mérito, regula en sus artículos 21 y 22 la administración de los bienes de finados sin parientes conocidos o sea cuando falleciere cualquier persona con testamento o abintestato, con bienes, sin dejar cónyuge que viviera en su compañía ni ascendientes o descendientes, o parientes colaterales dentro del cuarto grado, estableciento una administración provisional o interina que el juez acuerda de oficio sin necesidad de gestión de parte interesada, para asegurar los bienes del difunto, mientras que el capítulo 5°. del mismo título en sus artículos 23 al 34 regula la administración judicial de los bienes de un finado cuando

ésta se solicita por alguna de las personas que designa el citado artículo 23 y en la forma que estatuye el mismo artículo.

Según el artículo 23, la administración judicial de los bienes de la finada Juana Sánchez no pudo decretarse a virtud de la petición que para ello hizo Jacinta, del mismo apellido, a la Corte de Distrito de Guayama, pues la instancia no llena los requisitos que exige el mismo artículo bajo el número 2, o sea que en caso de fallecimiento abintestato se hará constar que, según los informes y creencia del peticionario, el difunto no dejó testamento válido, especificándose la procedencia y fundamento de tales informes y creencia; y aunque aparece jurada, no lo ha sido en la forma que establece el Código de Enjuiciamiento Civil en su artículo 118, preceptivo de que ''en todos los casos de alegaciones juradas, la declaración escrita jurada de la parte deberá afirmar que le consta por propio conocimiento que es cierto lo alegado, excepto en cuanto a las materias que en dicha declaración manifieste conocer por su información o creencia, en cuyo caso expresará que las cree ciertas.''

Tampoco ha venido a los autos justificación alguna de que Jacinta Sánchez sea hermana natural, según alega, de la finada Juana Sánchez y mientras falte tal prueba no puede reputársele parte interesada al efecto de pretender que los bienes de la persona de quien se dice heredera abintestato, queden sujetos a una administración judicial.

Pero aunque esa administración no puede decretarse a moción de Jacinta Sánchez, bien puede decretarse de oficio en virtud del conocimiento que por la propia Jacinta Sánchez ha tenido la autoridad judicial de Guayama de que Juana Sánchez ha fallecido abintestato, quedando sus bienes en poder de Juan Calderón que no tiene derecho a heredarlos. Jacinta Sánchez acaso sea hermana natural de la Juana, pero no ha venido a los autos justificación de ese hecho, de que deriva su capacidad la peticionaria y la autoridad judicial está en el deber de dispensar su acción protectora a los bienes de la finada para evitar que desaparezcan o sufran menoscabo

con perjuicio de los llamados a heredarlos y quizás del mismo Pueblo de Puerto Rico a quien en último término la ley reconoce ese derecho.

Al presente caso son de aplicación los artículos 21 y 22 de la Ley de Procedimientos Legales Especiales, por tratarse al parecer de una persona que ha fallecido sin testamento y sin dejar cónyuge legítimo que viviera en su compañía o ascendientes o descendientes o parientes colaterales dentro del 4º. grado, con justificación de su parentesco, y haber tenido conocimiento de esos hechos la autoridad judicial del distrito, importando poco al caso que ese conocimiento le fuera dado por persona en cuya compañía vivía la finada o por quien se dice hermana natural de la misma.

La orden que dictó la Corte de Distrito de Guayama en 21 de febrero último nombrando a Don Ramón Lebrón, administrador temporal de los bienes pertenecientes al abintestato de Juana Sánchez con relevación de fianza, cuya orden dejó sin efecto por la posterior de 13 de junio, se ajusta a los preceptos de los artículos 21 y 22 de la Ley de Procedimientos Legales Especiales, que, repetimos, son aplicables al presente caso, si bien Lebrón a quien el juez eximió de toda fianza debe prestar garantía suficiente para responder del fiel cumplimiento de su cargo, siendo su deber, según el texto del artículo 22, además de los que la ley impone a los administradores, instruir los procedimientos necesarios para determinar los herederos y si dejaren de comparacer, entregar lo que reste de los bienes después de pagar las deudas de la finada y los gastos de la administración a la Tesorería de Puerto Rico para su debida aplicación. El Fiscal del Distrito de Guayama debe tener conocimiento de esos procedimientos para la debida notificación al Attorney General, quien será parte en ellos para la determinación de los herederos.

En dichos procedimientos puede justificar Jacinta Sánchez cómo cualquiera otra persona el derecho hereditario de que se crea asistida respecto de los bienes de la finada Juana Sánchez.

Por las razones expuestas, opinamos que procede la revocación de la orden apelada de 13 de junio último y que se sostenga la primera de 21 de febrero del corriente año, menos en cuanto se exime al administrador temporal Don Ramón Lebrón de la prestación de toda fianza, debiendo proceder el juez con arreglo a los principios establecidos en .esta opinión.

*Revocada la orden apelada, declarando vigente la orden anterior, nombrando un administrador temporal, y devuelto el caso a la corte inferior para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.